UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BÉLA SZAKÁCS and ZITA HARMATI

Plaintiffs,

-against-

CITY OF NEW YORK; NYC MARSHAL; NYC HOUSING COURT; NYC CRIMINAL COURT; and NYC DISTRICT ATTORNEY'S OFFICE,

Defendants.

26-CV-7183 (JLR)

ORDER OF SERVICE

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs, who are appearing *pro se*, bring this action under 42 U.S.C. § 1983, alleging that Defendants violated their federal constitutional rights and seeking damages. By order dated September 8, 2026, the court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against the New York City Housing Court, the New York City Criminal Court, and the Manhattan District Attorney's Office; (2) directs service on the City of New York; and (3) directs the City of New York to assist Plaintiffs and the Court in identifying the New York City Marshal whom Plaintiffs seek to sue here.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A. Eleventh Amendment immunity**

The Court must dismiss Plaintiffs' claims against the New York City Housing Court, New York City Criminal Court, and Manhattan District Attorney's Office. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States, their agencies, and their instrumentalities from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

The New York City Housing Court and New York City Criminal Court, like all courts within the State of New York, are a part of the New York State Unified Court System, and are therefore arms of the State of New York that enjoy Eleventh Amendment immunity. *See, e.g.*, *Powell v. New York Hous. Ct.*, No. 1:23-CV-4617 (MKV), 2023 WL 6606846, at *3 (S.D.N.Y. Oct. 10, 2023) (holding that claims against New York Housing Court are barred by the Eleventh Amendment (citing *Gollomp*, 568 F.3d at 368)); *Casaburro v. Giuliani*, 986 F. Supp. 176, 182 (S.D.N.Y. 1997) (holding that New York City Criminal Court enjoys Eleventh Amendment immunity); *see also Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court

System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity").

In the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context, enjoys Eleventh Amendment immunity from suit. *See Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (summary order) ("[Section] 1983 suits against a district attorney in his official capacity and a district attorney's office are barred by the Eleventh Amendment." (citing, *inter alia*, *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)); *Feerick v. Sudolnik*, 816 F. Supp. 879, 887 (S.D.N.Y. 1993) ("When the [district attorney's office] makes [prosecution-related] decisions, it is acting in a quasi-judicial capacity and thus is representing the state, not the county. Thus, the 11th Amendment protects the [district attorney's office] from Section 1983 liability while it acts as a state representative." (citations omitted)), *aff'd*, 2 F.3d 403 (2d Cir. 1993). Because Plaintiffs sue the District Attorney's Office based on its decision not to prosecute the other defendants, it enjoys Eleventh Amendment immunity.

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court for claims under this statute, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses Plaintiffs' claims against the New York City Housing Court, New York City Criminal Court, and Manhattan District Attorney's Office pursuant to the doctrine of Eleventh Amendment immunity, for seeking monetary relief from a defendant who immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for lack of subject matter

jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B. Service on the City of New York**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiffs fails to do so.

### C. *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiffs supply sufficient information to permit the City of New York to identify the New York City Marshal who allegedly evicted Plaintiffs on February 5, 2026. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, must ascertain the identity of the John Doe whom Plaintiffs seek to sue here and the address where the defendant may be served. The Law Department must provide this information to Plaintiffs and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiffs must file an amended complaint naming the John Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiffs should complete is attached to this order. Once Plaintiffs have filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Housing Court, New York City Criminal Court, and Manhattan District Attorney's Office under the doctrine of Eleventh Amendment immunity, for seeking monetary relief from a defendant who immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is instructed to issue a summons for Defendant City of New York, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York NY 10007.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 16, 2026
New York, New York

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

The City of New York
New York City Law Department
100 Church Street
New York, NY 10007